# JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| **US BANK NA,** | Case No.: CV 19-10283-CJC(JCx) |
| Plaintiff, | **ORDER *SUA SPONTE* REMANDING CASE** |
| v. |  |
| **FRANCIS GONZALEZ,** *et al.*, |  |
| Defendants. |  |

  Plaintiff filed this unlawful detainer action in state court in March 2019. (Dkt. 1 Ex. A.) Defendant Carmen Rodriguez, acting *pro se*, removed the case on December 4, 2019.[1] (Dkt. 1.) For the following reasons, the Court lacks subject matter jurisdiction and hereby *sua sponte* REMANDS the case to Los Angeles Superior Court.

---

[1] Defendant removed after the 30-day deadline. *See* 28 U.S.C. § 1441.

-1-

A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

It is clear that the Court lacks subject matter jurisdiction over this case. Plaintiff's Complaint states a single claim for unlawful detainer under California law. (Dkt. 1 Ex. A.) The Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendant appears to claim that she has claims under the Fair Debt Collection Practices Act against the Plaintiffs. (Dkt. 1.) However, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court."). There are no federal claims in Plaintiff's complaint.

Diversity jurisdiction is also lacking. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy requirement has not been met because the complaint demands less than $10,000 in damages. (Dkt. 1 Ex. A.) This case is hereby **REMANDED** to Los Angeles Superior Court.

DATED: December 16, 2019

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE